UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SAMANTHA A. GRANGER** | * | CIVIL NO: |
| "Plaintiff" | * | |
| | * | SECTION: |
| **JEFFERSON PARISH SCHOOL BOARD** | * | |
| **ACE AMERICAN INSURANCE CO.** | * | JUDGE: |
| **DR. JAMES GRAY**, individually and in his | * | |
| official capacity as Superintendent of Jefferson | * | MAGISTRATE: |
| Parish Schools, and **VIOLA COSGROVE** | * | |
| "Defendants" | | |

## COMPLAINT AND REQUEST FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel comes Plaintiff, Samantha A. Granger, who brings this action against Jefferson Parish School Board (hereinafter JPSB), Ace American Insurance Company (hereinafter Ace), Dr. James Gray, individually and in his official capacity as Superintendent of Jefferson Parish Schools (hereinafter Superintendent Gray), and Viola Cosgrove (hereinafter Cosgrove), and respectfully alleges as follows:

## INTRODUCTION

This lawsuit seeks to restrain the discrimination and harassment perpetuated by defendants and obtain monetary relief and other damages for violations of Title VII of the Civil Rights Act of 1964, as amended, and Louisiana laws prohibiting discrimination and harassment of employees. It is alleged that the plaintiff suffered racial discrimination and harassment that is described more specifically below.

## PARTIES

1. Plaintiff, **SAMANTHA A. GRANGER** is single and of the full age of majority who is domiciled in the Parish of St. Charles, State of Louisiana and appears in her capacity as a paraprofessional at Green Park Elementary.

2. Defendant, **JEFFERSON PARISH SCHOOL BOARD,** ("JPSB") is a political subdivision which can sue and be sued as a corporate body pursuant to the Constitution of Louisiana, Art. VIII, Sec. 9; La. Rev. Stat. § 17:51. Green Park Elementary is a public school within the district of JPSB and is a recipient of federal funds under Title IX, 20 U.S.C. §§ 1681-1688.

3. Defendant, **ACE AMERICAN INSURANCE COMPANY,** ("ACE") upon information and belief, is the general liability insurer of Jefferson Parish School Board and a foreign insurer, authorized to do and doing business in the State of Louisiana whose registered agent for service of process is the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809.

4. Defendant, **Dr. JAMES GRAY,** ("Superintendent Gray") individually and officially in his capacity as Superintendent of the Jefferson Parish School System. Upon information and belief, Superintendent Gray is of the age of majority and is domiciled in the Parish of Jefferson, State of Louisiana.

5. Defendant, **VIOLA COSGROVE**, ("Principal Cosgrove") individually and officially in her capacity as principal of Geen Park Elementary School. Upon information and belief, Principal Cosgrove is of the full age of majority and is domiciled in the Parish of Jefferson, State of Louisiana.

## JURISDICTION AND VENUE

6.

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 (amended). Plaintiff also invokes supplemental jurisdiction of this Court overs Plaintiff's state law claims against Defendants pursuant to 28 U.S.C. §1367, as common law claims form part of the same controversy arising from Louisiana statutes.

7.

Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. §§1391(b)(2) as one or more of the alleged unlawful acts were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

**FACTS**

8.

In August 2022, there was a new principal assigned to Green Park Elementary where plaintiff has been a paraprofessional for kindergarten and was also acting director of Childcare for 28 years.

9.

Plaintiff enjoyed a stellar employment record with no complaints or issues prior to the arrival of Principal Viola Cosgrove.

10.

Yearly evaluations under Principal Phillips were of top points and all evaluations received since a change in location have returned to their former high points.

11.

With this new principal came a targeted campaign to terminate the long-term employment of plaintiff with plaintiff suffering through months of harassment and discrimination prior to being forced to transfer to another school under duress and threat of being terminated being classic retaliation and intimidation.

12.

Principal Cosgrove created a hostile work environment at Green Park Elementary for the plaintiff. It was plaintiff's dream to retire from Green Park where her mother retired from and she had a close relationship with the children, families and community.

13.

The complaints began with minor inconsistencies and discriminatory acts of plaintiff being forbidden to sell the afterschool students the very same snacks that Principal Cosgrove allowed in other programs.

14.

This quickly escalated to more serious allegations on August 31, 2022, when plaintiff returned from break and was accused of "smelling like marijuana". Plaintiff does not smoke marijuana and consented to be drug tested to prove her innocence. Plaintiffs drug test returned a negative result and the plaintiff lost three days of work as a result of the false allegation as well as suffering humiliation and embarrassment.

15.

The school is equipped with cameras that could have been reviewed prior to the "cab" ride to be drug tested. Additionally, plaintiff was returned to her classroom and taught students until well after lunch which would have been under the influence had the allegation proved true.

16.

The complaints did not end there with a new allegation of plaintiff pulling a student's hair. This allegation was proven false as the student later also accused another teacher of pulling his hair. The handling of the allegations were handled vastly different with plaintiff being sent home without pay while the allegation was investigated and the second teacher was not sent home during the investigation.

17.

The allegation "supposedly" came from an autistic five (5) year old of whom the plaintiff had a very close relationship with, often assisting the parents outside of school hours when G would not cooperate in many daily activities without "Ms. Sam". The child's parents have removed him from Green Park after Ms. Sam's forced relocation with reports being that he "was struggling without Ms. Sam".

18.

Parents and associated professionals and co-workers were advised to not speak to plaintiff or provide letters of support. At any move for supporters to intervene the main response was one of defiance – intimidation and resulted in ongoing retaliation to plaintiff.

19.

Plaintiff continually attempted to rectify matters and request answers only to be put off periods of time and to face additional allegations of sharing confidential behavioral reports without consent. Again, your plaintiff proclaimed her innocence, and no proof was provided of the false allegations. When accused of lying by HR officials even the Teacher's Union provided minimal support against the ongoing onslaught of abuse.

20.

Plaintiff timely filed charges with the Equal Employment Opportunity Commission and filed the present action in response to receiving "Notice of Right to Sue" letter dated February 28, 2024. (See Exhibit)

21.

Plaintiff prays for a trial by jury and for a bond set in the amount and within the time set by the Court pursuant to Article 1734.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays that defendants herein be duly cited and served with a copy of this petition and be required to answer same, all in accordance with the law, and that after due proceedings had, there be a judgment in favor of plaintiff and against the defendants, jointly, in solido, for such damages as are reasonable in the premises, including reinstatement, back pay, front pay in lieu of reinstatement, penalties and attorneys fees together with legal interest thereon from judicial demand until paid, for all costs of these proceedings, and for all just and equitable relief.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that the foregoing has been served upon all parties of record via facsimile, hand delivery, electronic mail, or US Mail, postage prepaid and properly addressed, this 21st day of May, 2024.<br><br>_____<br>Leo Caillier, III<br>Brandon Spann | **RESPECTFULLY SUBMITTED:**<br>CAILLIER & ASSOCIATES, LLC<br><br>_____<br>LEO CAILLIER, III #36158<br>leo@caillierandassociates.com<br>BRANDON SPANN #40056<br>bspann@caillierandassociates.com<br>711 2nd Street<br>Gretna, Louisiana<br>Telephone: (504) 717-5402<br>Fax: (504) 345-2379 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SAMANTHA A. GRANGER | * | CIVIL NO: |
| "Plaintiff" | * | |
| | * | SECTION: |
| JEFFERSON PARISH SCHOOL BOARD | * | |
| ACE AMERICAN INSURANCE CO. | * | JUDGE: |
| DR. JAMES GRAY, individually and in his | * | |
| official capacity as Superintendent of Jefferson | * | MAGISTRATE: |
| Parish Schools, and VIOLA COSGROVE | * | |
| "Defendants" | | |

### AFFIDAVIT OF VERIFICATION

STATE OF LOUISIANA
PARISH OF JEFFERSON

BEFORE ME, the undersigned Notary Public, personally came and appeared

**SAMANTHA GRANGER**

who, after being duly sworn, did depose and state:

That she is the Plaintiff in the above and foregoing Claim and that all of the allegations of fact contained within are true and correct to the best of her information, knowledge and belief.

_Samantha A. Granger_
SAMANTHA GRANGER

SWORN TO AND SUBSCRIBED BEFORE ME ___31st___ DAY OF ___May___, 2024.

_[signature]_
**LEO CAILLIER, III**

LSBA #36155
My commission expires at death

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
(504) 635-2531
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/28/2024

To: Samantha A. Granger
P. O. Box 281
ST ROSE, LA 70087
Charge No: 461-2023-01326

EEOC Representative and email:   VINCE EMANUEL
Federal Investigator
vince.emanuel@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 461-2023-01326.

On behalf of the Commission,

Digitally Signed By: Michael Kirkland
02/28/2024
Michael Kirkland
Director



From: Samantha A. Granger
EEOC Number: 461-2023-01326
To: Field Office Vince Emanuel
Status: Investigation Questions

I still need answers from Jefferson Parish Public School System Human Resource Department.

1. What proof do Human Resource have that I did anything wrong? I need to see the proof they have.

2. Why after all my years working for JPPSS with no human resource write-ups and no problems, they didn't back me up?

3. Why was I told that JPPSS human resource did not believe I was telling the truth? Why Not? I have always told the truth from day one when all these false accusations has been brought up against me.

4. Why hasn't Dr. Gray never responded to my certified letter I sent to him on 5/4/23?

EXHIBIT B

5. Why didn't JPPSS human resources send all my responses I sent in to them to EEOC?

6. Why when my drug test came back negative, Mrs. V. Cosgrove didn't have to be tested? She stated that no one else was entering the school.

7. So who else could it have been if Mrs. V. Cosgrove and I was the only two entering the school?

8. Why did Mrs. V. Cosgrove let me return to the classroom with children, if I had an odor due to the use of marijuana she stated?

9. How was this following protocol to protect the students and faculty of Green Park Elementary?

10. So why did I have to be suspended without pay if I went back to the classroom with students?

11. Why did I have to always be suspended without pay while the false alleged allegations was being investigated?

12. Are there other different ways that I could have still been working while Jppss human resource work on the investigation?

13. Why when a child said I pulled his hair witch is not true? I was suspended without pay? When this same student said another para educator pulled his hair nothing was done about it?

14. How is it that a principal or person can falsely accused someone, without proof do this to a dedicated hard working employee of 28 years plus at the same school then had to be moved for no reason at all?

15. Why did I Samantha A. Granger had

to be moved to another school? please show me proof as to why?

16. Why when a grievance is filed on a principal about false alleged allegations brought up about me. And I was cleared then all the principal has to say is "I'm sorry" and it's ok? No, I do not agree to this because my life has been turned upside down because of all these false allegations.

17. Why do Jppss human rescorce and Mrs. V. Cosgrove keep saying I contacted a parent? When I have an eye witness and myself has sent in a statement that it was a mistake!!! I was trying to delete the parent out of my phone, Also I called Union Rep. Mrs. Moana to let her know what happend as soon as I hung up, I did not talk or leave a message on the parent phone. I immediately hung-up my phone, I have never interfered with any

Investigation.

18. Why did Ms. Ida Wilson called a former teacher asking about me?

19. Was not this matter about me confidential? So why was this former teacher called?

20. All I ask is why has this been done to me and show me the proof?

*Samantha A. Granger*
(504) 740-9091