UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMANTHA A. GRANGER** | **CIVIL ACTION** |
| **VERSUS** | **NO:   24-1335** |
| **JEFFERSON PARISH SCHOOL BOARD, ACE AMERICAN INSURANCE COMPANY, DR. JAMES GRAY, individually and in his official capacity as Superintendent of Jefferson Parish Schools, and VIOLA COSGROVE** | **SECTION: "O" (4)** |

### ORDER AND REASONS

This matter is before the Court on consent of the parties. R. Doc. 7. Before the Court is Defendant's **Motion to Dismiss (R. Doc. 5)**, seeking to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. Alternatively, Defendant seeks to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), on the basis that the Court lacks jurisdiction. R. Doc. 5 at 1. Plaintiff did not file an Opposition to this Motion despite the Court granting leave to do so. R. Doc.

Plaintiff subsequently filed a **Motion to Amend (R. Doc. 18)** which seeks to remedy the deficiencies cited in Defendant's Motion to Dismiss. R. Doc. 5. The Motion to Amend is Opposed. R. Doc. 19. Due to the relatedness of the Motions, the Court will consider them in tandem.

**I.     Introduction**

    **A.  Original Complaint**

On May 22, 2024, Plaintiff Samantha A. Granger ("Granger") filed suit against the Jefferson Parish School Board ("JPSB"), Superintendent Dr. James Gray, Viola Cosgrove, and ACE American Insurance Company (collectively, "Defendants"). R. Doc. 1 at 1-2. In the Original Complaint, Granger alleged that she experienced racial discrimination and harassment while working as a paraprofessional for kindergarten and Director of Childcare at Green Park Elementary. *Id.* at 1.

Granger alleged that she had worked at Green Park Elementary for twenty-eight years by August 2022, when a new principal, Viola Cosgrove ("Cosgrove"), was assigned to the school. R. Doc. 1 at 3. Granger alleged that prior to the arrival of this new principal, she enjoyed a stellar employment record with no complaints or issues. *Id.* Granger also alleged that it was her dream to retire from Green Park Elementary since her mother had retired there and she had a close relationship with the community. *Id.* However, Granger alleged that Cosgrove began a targeted campaign to terminate her long-term employment through months of discrimination and harassment that created a hostile work environment. *Id.*

Granger alleged that the discrimination and harassment started with minor inconsistencies, like Cosgrove prohibiting her from selling snacks to afterschool students that Cosgrove allowed in other programs. R. Doc. 1 at 4. Granger alleged that the harassment escalated on August 31, 2022, when Granger was accused by Cosgrove of smelling like marijuana on school grounds even though Granger denies asserted that she smokes marijuana. *Id.* Granger alleges that she therefore consented to being drug tested, which came back negative. *Id.* Granger alleged that she lost three days of work because of this false allegation, in addition to suffering humiliation and embarrassment. *Id.*

Granger alleged that she was later accused of pulling the hair of a five-year old student with autism, which was proven false when the same student later accused another teacher of pulling his hair. R. Doc. 1 at 4. Granger contends that she was sent home without pay while the hair-pulling allegation was investigated, while the second teacher was not. *Id*. Granger alleged that school parents and her coworkers were advised by an unidentified person not to speak to her or provide letters of support. *Id.* at 5. Granger further alleged that any support she received resulted in intimidation and retaliation against her by unidentified individuals. *Id.* Granger also alleged that

she was falsely accused of sharing confidential behavioral reports during investigation of these allegations, and that her efforts to rectify matters were put off by the Defendants. *Id.*

Granger alleged that she was ultimately forced to transfer to another school under threat of being terminated, and that the threats and harassment she experienced constitute "classic retaliation and intimidation." R. Doc. 1 at 3. Granger also alleged that her yearly evaluations at the new location reflect the same high points as the evaluations she received at Green Park Elementary prior to Cosgrove's arrival. *Id.* Granger alleged that she timely filed charges with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 5. Granger alleged that she received a Notice of Right to Sue letter from the EEOC on February 28, 2024. *Id.* Approximately three months later, Granger filed suit against the Defendants pursuant to Title VII of the Civil Rights Act of 1964, as amended, and unspecified Louisiana anti-discrimination law. *Id.* at 1-2.

**B. Subject Motions**

Defendants filed the subject Motion to Dismiss on August 1, 2024, seeking dismissal of Granger's claims of racial discrimination and retaliation and accompanying state law claims. R. Doc. 5 at 1. Defendants contend that Granger's claims should be dismissed because her Complaint fails to state a claim for which relief may be granted. *Id.*

In lieu of filing a formal opposition to the subject Motion, Granger sought leave to file a Motion to Amend.[1] R. Doc. 18. Granger contends that the proposed amendment would cure the defects pointed out by the Defendants in their Motion to Dismiss. *Id.* at 2.

Defendants oppose Granger's request to amend on the grounds that it is untimely. R. Doc. 19 at 1-2. *See* R. Doc. 10. Defendants further contend that Granger's proposed amendment is

---

[1] Granger filed a Motion seeking an extension of time to file an Opposition. R. Doc. 8. While the Motion was granted, Granger did not comply with the Court's deadline.

3

prejudicial because it may render Defendants' Motion moot and cause Defendants to incur unnecessary fees. *Id.* at 8-9.

## II.     Standard of Review

### A.  Motion to Dismiss Under Rule 12(b)(6)

Federal Rules of Civil Procedure 12(b)(6) gives the court discretion to dismiss a complaint when the plaintiff has failed to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Elesensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Federal jurisprudence provides that:

> "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."

*Iqbal*, 556 U.S. at 678. When determining whether a complaint states a claim that is plausible on its face, the court may draw "on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Additionally, the plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. Motion to Dismiss Under Rule 12(b)(1)

Federal Rules of Civil Procedure 12(b)(1) gives the court discretion to dismiss a complaint where the court lacks subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *In re FEMA Trailer Formaldehyde Products Liability Litigation,* 668 F.3d 281, 286-87 (5th Cir. 2012).

The standard of review for motions to dismiss under Rule 12(b)(1) is similar to the standard for motions to dismiss under Rule 12(b)(6), since dismissal is appropriate under Rule 12(b)(1) "if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *James v. Louisiana State*, No. 21-2128, 2022 WL 21915228, at *1-2 (E.D. La Feb. 3, 2022) (North, M.J.) (citing *Wagstaff v. United States Dept of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, whose complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." *Celestine v. TransWood, Inc.,* 467 Fed.Appx. 317, 318 (5th Cir. 2012) (citing FED. R. CIV. P. 8(a)(1)). In federal question cases, such as the present matter, the claimant must demonstrate a non-frivolous claim based on federal law. *James*, No. 21-2128 at *1-2 (citing *Gibbs v. Buck*, 307 U.S. 66, 72 (1939)).

### III. Analysis

#### A. Motion to Amend

##### 1. Timeliness

Defendants opposes Granger's Motion to Amend because it is untimely. R. Doc. 19 at 3. Defendants contend that because Granger did not file a timely opposition to the Motion to Dismiss, her attempt to amend should be denied. *Id*.

Granger contends that her Motion to Amend is timely, since it was filed by the deadline to amend set by the Court's Scheduling Order. R. Doc. 18 at 2. Therefore, Granger contends that the Court should allow it to amend and address the deficiencies raised in the Motion to Dismiss. *Id.*

In this case, the deadline for amendments to pleadings was thirty days from the date of the Preliminary Conference, which was held on September 30, 2024. R. Doc. 12 at 2. Granger's Motion to Amend was filed on October 25, 2024, several days before the October 29, 2024, deadline. R. Doc. 18. Accordingly, Granger's Motion to Amend is governed by the more liberal standards provided by Rule 15(a), not Rule 16(b).

### 2. Analysis Under Rule 15(a)

Granger seeks to file an Amended Complaint to address minor changes to satisfy the deficiencies pointed out by the Defendants in their Motion to Dismiss. R. Doc. 18 at 2. Granger contends that her Complaint in no way relies on legal conclusions but instead provides a full account of the Defendants' tortious conduct. R. Doc. 18-1 at 1-3.

Defendants contend that Granger has not provided the Court with justification or good cause for why they should be allowed to amend. R. Doc. 19 at 3. Therefore, Defendants contend that Granger's Motion to Amend should be denied. *Id.*

Under Rule 15(a), "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Federal jurisprudence provides that this liberal approach demonstrates a clear bias in favor of granting leave to amend absent a "substantial reason", considering five factors: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment. *See Young v. XG Sec. Serv., LLC*, No. 17-4749, 2017 WL 5257053, at *1 (E.D. La. Nov. 9, 2017) (Roby, M.J.). *See also Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

The timeliness issue has already been addressed. In their Opposition to Granger's Motion to Amend, Defendants do not address the substance of the proposed Amended Complaint. *See* R. Doc. 19. Instead, Defendants only suggest that granting Granger leave to amend may result in a denial of their Motion to Dismiss. *Id.* at 1. Recognizing the absence of a substantive challenge, Granger's Motion to Amend is granted.

Defendants failed to seek a review of the proposed Amended Complaint. Instead, Defendants request that the Court only consider Granger's Original Complaint when evaluating their Motion to Dismiss. R. Doc. 19 at 10. Therefore, the issue of whether the proposed Amended Complaint is legally sufficient is not before the Court. Further, having granted the Granger's Motion to Amend, Defendants' Motion to Dismiss the Original Complaint is denied.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Dismiss (R. Doc. 5)** is **DENIED.**

**IT IS FURTHER ORDERED** that the Plaintiff's **Motion to Amend (R. Doc. 18)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the clerk of court shall file Plaintiff's Amended Complaint **(R. Doc. 18-4)** into the record.

New Orleans, Louisiana, this 6th day of February 2025.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**